FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 23, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL G.,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | No. 2:18-CV-00164-JTR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 16, 17. Attorney Cory J. Brandt represents Michael G. (Plaintiff); Special Assistant United States Attorney Justin Lane Martin represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 4. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), 1383(c).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on October 28, 2014, Tr. 76-77, alleging

disability since June 30, 2008, Tr. 154, 161, due to a back injury in 2008 followed by surgery, right leg sciatica, and nerve damage at L5-S1. Tr. 188. The applications were denied initially and upon reconsideration. Tr. 92-94, 97-101. Administrative Law Judge (ALJ) Jesse Shumway held a hearing on January 24, 2017 and heard testimony from Plaintiff, medical expert Lynn Jahnke, M.D. and vocational expert Daniel McKinney. Tr. 34-65. The ALJ issued an unfavorable decision on March 9, 2017. Tr. 15-27. The Appeals Council denied review on March 13, 2018. Tr. 1-6. The ALJ's March 9, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff initiated this action for judicial review on May 18, 2018. ECF Nos. 1, 7.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 32 years old at the alleged date of onset. Tr. 154. At application, he reported that he completed two years of college in 2006. Tr. 189. His reported work history includes being an apprentice repair technician at a heavy equipment dealership, a day laborer, and a production supervisor in the food industry. *Id*. When applying for benefits Plaintiff reported that he stopped working on October 31, 2013 because of his conditions, but he had also made changes in his work activity as early as February 20, 2008. Tr. 188. At the hearing, Plaintiff clarified that in 2001 he worked as a cabinetmaker for three months, from 2003 and 2004 he worked building custom doors, from 2004 to 2005 he worked in woodworking at night while he attended school, and from 2006 to 2008 he worked as an entry level mechanic for heavy equipment. Tr. 47-51.

Plaintiff was injured on February 20, 2008 and underwent a lumbar discectomy on July 3, 2008. Tr. 797, 862. Following surgery, Plaintiff worked for

Vista Utilities in 2012 inspecting gas meters and at Manpower in 2013 as a forklift driver. Tr. 40-41. He also attended school in 2011 and 2012 to learn how to repair hospital equipment. Tr. 41, 59.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie

case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On March 9, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from June 30, 2008 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since June 30, 2008, the alleged date of onset. Tr. 17.

At step two, the ALJ determined that Plaintiff had the following severe impairment: degenerative disc disease of the lumbar spine. Tr. 17.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of light work with the following limitations:

> the claimant requires a sit/stand option at will; he can stand and walk in combination only two hours total in an eight-hour day, thirty minutes at a time; he can frequently reach; he cannot climb ladders, ropes, or scaffolds, and can perform all other postural activities only occasionally; he can have no concentrated exposure to extreme cold or vibration; he cannot be exposed to hazards, such as unprotected heights

or moving mechanical parts; and he cannot operate a motor vehicle.
Tr. 19. The ALJ identified Plaintiff's past relevant work as heavy equipment mechanic and door maker and found that he could not perform this past relevant work. Tr. 25.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of production assembler, electronics worker, and mail sorter. Tr. 25-26. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from June 30, 2008, through the date of the ALJ's decision. Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's depression and anxiety as medically determinable at step two, (2) failing to properly address the medical opinions in the file, (3) failing to properly address Plaintiff's symptom statements, and (4) failing to make a proper step five determination.

## DISCUSSION[1]

**1. Step Two**

Plaintiff argues that the ALJ erred at step two by failing to find his anxiety and depression medically determinable. ECF No. 16 at 11-13.

At step two of the sequential process, the ALJ must determine whether a

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United

claimant suffers from a "severe" impairment. 20 C.F.R. §§ 404.1520(c), 416.920(c). To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment." 20 C.F.R. §§ 404.1521, 416.921.[2] "[O]nce a claimant has shown that he suffers from a medically determinable impairment, he next has the burden of proving that these impairments and their symptoms affect his ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). If the claimant fulfills this burden, the ALJ must find the impairment "severe." *Id*.

Here, the ALJ found that Plaintiff's anxiety and depression were not medically determinable impairments:

> Here, the claimant's anxiety and depression are merely subjective complaints without evidence supporting such impairments. The record contains multiple examples of normal mental status examinations. (Exhibits 6F, 9F, 11F, 15F 17F/7/22/35/49, 18F/60, 19F/33). Further, the claimant denied depression and thoughts of self-harm on multiple occasions. (*see e.g.*, 13F). As well, the claimant declined to use any medication. Indeed, any anxiety or depression appears secondary to his physical condition. (Exhibit 17F/50/71). He does not have a psychological medically-determinable impairment.

---

States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

[2]Prior to March 17, 2017, these requirements were set forth in 20 C.F.R. §§ 404.1508, 404.1528, 416.908, 416.928 (2016).

Tr. 18.

The ALJ's first finding, that the record contains multiple examples of normal mental status examinations (MSE), is not supported by substantial evidence. The ALJ points to several locations in the record that demonstrate normal MSEs. Tr. 18. However, several of these citations show abnormal findings: Exhibit 6F includes an October 5, 2015 exam by David Anderson, PA that found Plaintiff's judgment intact, orientation intact, memory intact, and mood appropriate. Tr. 297. Exhibit 9F includes a May 23, 2016 exam showing depressed, but not anxious affect. Tr. 311. It also includes a July 26, 2016 MSE showing depressed mood and affect. Tr. 308. Exhibit 11F is from Spokane Ear, Nose, and Throat Clinic and does not include a single MSE. Tr. 324-34. Exhibit 15F includes a September 2, 2009 evaluation showing Plaintiff to be anxious and mildly unhappy. Tr. 515. It also includes a July 23, 2010 evaluation showing "some very mild anxiety," and a September 7, 2010 evaluation showing mild anxiety and flat affect. Tr. 499, 501. It includes exams from November 10, 2010, May 6, 2011, August 5, 2011, November 9, 2011, February 2, 2012 which show normal psychological evaluations. Tr. 472, 481, 484, 487, 504. However, it also includes a January 22, 2016 exam showing depressed affect and mildly pressured speech, Tr. 464, and an exam on February 1, 2016 showing depressed affect with mild psychomotor retardation, Tr. 530. Exhibit 17F/7 includes a normal psychological exam dated February 9, 2016. Tr. 586. Exhibit 7F/22 includes a psychological evaluation with a depressed, but not anxious affect with mild psychomotor retardation from March 23, 2016. Tr. 601. Exhibit 7F/34 (the ALJ miscited this as 7F/35) includes a psychological evaluation with depressed affect and mild pressured speech. Tr. 613. Exhibit 7F/49 includes a psychological evaluation with depressed, but not anxious affect. Tr. 628. Exhibit 18F/60 includes a normal psychological evaluation dated January 22, 2009. Tr. 715. Exhibit 19F/33 includes a normal psychological evaluation dated February 22,

2012. Tr. 787. While some of the ALJ's citations did show normal psychological evaluations, most showed some abnormality. Therefore, his assertions that these citations represent normal MSEs is not supported by substantial evidence.

The ALJ's second finding, that Plaintiff denied depression and thoughts of self-harm on multiple occasions, is supported by substantial evidence but does not fully represent the evidence the ALJ cites. *See* Tr. 18 *citing* Exhibit 13F. Exhibit 13F includes a December 24, 2015 evaluation in which Plaintiff denied depression, suicidal ideation, and homicidal ideation. Tr. 376. However, it also includes a February 14, 2016 evaluation in which Plaintiff reported being "quite stressed and is highly anxious." The objective observations by the provider noted Plaintiff to be anxious and tearful. *Id*. A single citation of Plaintiff's denial of depression does not overcome the multiple evaluations showing depressed affect discussed above. The Ninth Circuit has recognized that it is not abnormal for mental health symptoms to wax and wane in the course of treatment. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). Therefore, Plaintiff denying symptoms at some point during treatment is not sufficient to support a finding of no psychological medically determinable impairments at step two.

The ALJ's third finding, that Plaintiff declined the use of medication, misstates the record and is not supported by substantial evidence. Plaintiff was prescribed Celexa for his depression and declined to fill the prescription. Tr. 310. However, Plaintiff was also prescribed Alprazolam (Xanax) for his anxiety, *Id*., and had been since July 23, 2010, Tr. 745. Exhibit 17F/50 states that Plaintiff reported that he wanted to deal with the symptoms of his anxiety and depression without medications. Tr. 629. The ALJ's second citation, Exhibit 17F/71, includes a notation by the provider that Plaintiff "continues to decline use of antidepressant for either diagnosis." Tr. 650. However, both citations included a current prescription on file for Alprazolam as needed for anxiety. Tr. 633, 650. Therefore, the ALJ's conclusion that Plaintiff refused medication is not an accurate

representation of the record.  Plaintiff was resistant to any medication prior to starting Xanax for his anxiety.  Tr. 729, 742.  However, once he started Xanax, there is evidence Plaintiff was taking it regularly.  On February 9, 2016, Plaintiff was given a script for fifteen pills.  Tr. 586.  By March 23, 2016, Plaintiff requested a refill and stated he was using three pills a week.  Tr. 600.  By April 25, 2016, Plaintiff reported the dosage of Xanax was not helping and the provider prescribed twice the strength.  Tr. 612.

Plaintiff did consistently decline additional medication for depression.  Tr. 629, 650.  However, the ALJ's finding that Plaintiff refused medication misstates the record because he was consistently taking medication for anxiety.  Therefore, the ALJ's determination is not supported by substantial evidence.

Defendant argues that any error at step two would be harmless because ultimately, the step two decision was found in Plaintiff's favor.  ECF No. 17 at 9-10.  In doing so, she cites *Lewis v. Astrue*, 498 F.3d 909 (9th Cir. 2007).  ECF No. 17 at 9.  However, in *Lewis*, the Ninth Court found any error to be harmless because, while the ALJ did not consider plaintiff's bursitis at step two, the ALJ did discuss the impairment in step four and accounted for any resulting limitations.  498 F.3d at 911.  Here, since the ALJ did not find the depression or anxiety medically determinable, he did not consider any resulting limitations at step four.  *See* S.S.R. 96-8p ("In assessing [residual functional capacity], the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").

Defendant also argues that any error would be harmless because Plaintiff failed to point to any specific limitations arising from his depression or anxiety that would have impacted the ALJ's analysis at step three or in the residual functional capacity assessment.  ECF No. 17 at 9.  The Ninth Circuit has found that failing to address an impairment at step two is not a reversible error when the claimant fails to establish that the impairment would result in meeting or equaling a listing or

fails to specify limitations or restrictions in the residual functional capacity assessment caused by the impairment. *Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir. 2005). In this case, Plaintiff specifically challenged the ALJ's rejection of a treating provider's opinion that Plaintiff had marked limitations in his ability to complete a normal workday and workweek without interruption from psychologically based symptoms due to anxiety and depression. ECF No. 16 at 14-15. Evaluating limitations due to Plaintiff's anxiety and depression at step two may necessitate reconsideration of the residual functional capacity at step four.

In conclusion, the ALJ erred in failing to find Plaintiff's anxiety and depression as medically determinable impairments at step two. The error was harmful, and a remand is necessary for the ALJ to make a new step two determination.

**2. Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the medical opinions expressed by Douglas Hammerstrom, M.D. and David Anderson, PA. ECF No. 16 at 13-17.

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id*.

**A. Douglas Hammerstrom, M.D.**

In July and September of 2016, Dr. Hammerstrom completed a Psychological/Psychiatric Evaluation and a Physical Functional Evaluation for the

Washington State Department of Social and Health Services.  Tr. 306-09, 313-17.  He opined that Plaintiff was unable to meet the demands of sedentary work due to his herniated disc at L5-S1.  Tr. 314-15.  Additionally, he found that Plaintiff had a marked limitation to complete a normal workday and workweek without interruptions from psychologically based symptoms.  Tr. 307.  The ALJ assigned little weight the physical limitations and the single marked psychological limitation opined by Dr. Hammerstrom.  Tr. 24.  Additionally, Dr. Hammerstrom wrote a letter on January 23, 2017 in which he stated Plaintiff "has certainly been disabled for many months, but will not be ready for work for some time after surgery even if successful."  Tr. 912.  The ALJ also assigned little weight to this letter.  Tr. 24-25.

Considering the case is remanded for the ALJ to properly address Plaintiff's psychological symptoms at step two and Dr. Hammerstrom's opinion includes psychological limitations, the ALJ will readdress the opinion in full on remand.

**B.     David Anderson, PA**

On October 5, 2015, Mr. Anderson opined that Plaintiff was limited to sedentary work due to his lumbago.  Tr. 301-02.  He further opined that this limitation would persist for twelve months with available medical treatment.  Tr. 302.  The ALJ assigned the opinion little weight.  Tr. 24.

Considering the case is being remanded, and the ALJ is instructed to make a new step two determination and to address Dr. Hammerstrom's opinion, the ALJ will also readdress Dr. Anderson's opinion.

**3.     Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable.  ECF No. 16 at 17-19.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms to be "not entirely consistent with the medical evidence and other evidence in the record."  Tr. 20.  The evaluation of a claimant's

symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

**4.     Step Five**

Plaintiff challenges the ALJ's step five determination because it was based on an incomplete hypothetical presented to the vocational expert. ECF No. 16 at 19-20. Because a new step two determination and a new residual functional capacity determination is required on remand, the ALJ will also make a new step five determination.

**REMEDY**

Plaintiff urges the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits. ECF No. 16 at 20.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even when the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Here, the ALJ's error was in failing to identify Plaintiff's medically determinable impairments at step two. While this error results in the need for a

new residual functional capacity determination, it does not trigger the credit-as-true rule. Therefore, remand for additional proceedings is the appropriate remedy in this case.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **DENIED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this order.

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

DATED April 23, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE